STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-122

KEVIN BYNOG, ET AL.

VERSUS

M.R.L., L.L.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 211,363
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Elizabeth A. Pickett,
Judges.

**AFFIRMED.**

Kelvin G. Sanders
Attorney at Law
3504 Masonic Drive, Ste B
Alexandria, LA 71301
Counsel for Defendant/Appellant:
    M.R.L., L.L.C.

Malcolm X. Larvadain
Attorney at Law
626 8th St.
Alexandria, LA 71301
Counsel for Plaintiffs/Appellees:
    Kevin Bynog and
    Cynthia Bynog

PICKETT, Judge.

The defendant, M.R.L., L.L.C. (M.R.L.), appeals a judgment of the trial court finding it liable for defects in the plaintiffs' new home and awarding the plaintiffs $12,500.00 in damages plus attorney's fees. We affirm the judgment of the trial court.

**FACTS**

The plaintiffs purchased their home from the defendant in December 2001, for a price of $118,500.00- $123,000.00. According to Mrs. Cynthia Bynog, the family noticed problems in the home from the night they moved into the house. That night they noticed insects in the house and, upon inspection, discovered that the house had not been properly caulked on the outside. As time progressed, they noticed streaks in the paint on cabinet doors and on other woodwork, yellowing of some paint, different finish textures on some walls, cracking in some caulking and in some "mud" work, poor workmanship on the raised portion of the ceiling in the master bedroom and various other imperfections which one would not expect to find in a new house. Initially, the Bynogs complained to Gary Elliott of Gary Elliott Construction Company, who had constructed the house for the defendant, M.R.L. Mr. Elliott had employed Chris Creed to paint the plaintiffs' house. Mr. Creed returned several times to attempt to correct the problems identified by the plaintiffs.

When Mr. Elliott and Mr. Creed failed to satisfy their complaints, the Bynogs contacted William Barron, the owner of M.R.L. Mr. Barron hired Randy Paul, another painter, to work with the plaintiffs in an attempt to bring the matter to fruition. Mr. Paul was unable to satisfy the plaintiffs, and this action ensued.

2

The plaintiffs, Kevin and Cynthia Bynog, filed this suit under the Louisiana New Home Warranty Act, La.R.S. 9:3141, *et seq.*, alleging that portions of the finishing and painting in their new home at 1709 Donahue Ferry Road, Pineville, Louisiana, were so unprofessionally done as to be defective. The trial judge found this to be the case and awarded the Bynogs $12,500.00, the estimate submitted by the plaintiffs' expert witness, to have the entire interior of the house refinished and repainted. The defendant appeals arguing that the trial court committed manifest error in finding it liable for the plaintiffs' damages and that the trial court abused its discretion in awarding the plaintiffs $12,500.00 in damages plus attorney's fees.

**LAW AND DISCUSSION**

On appeal, the defendant acknowledges that its liability to the plaintiffs is under the Louisiana New Home Warranty Act (NHWA), La.R.S. 9:3141, *et seq*. However, he argues that, under the facts in this case, and under the provisions of La.R.S. 9:3144, he is exempt from liability.

Louisiana Revised Statutes 9:3144 provides in pertinent part as follows:

> A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:

> (1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.

> . . . .

> B. Unless the parties otherwise agree in writing, the builder's warranty shall exclude the following items:

> . . . .

> (6) Any defect in, or any defect caused by, materials or work supplied by anyone other than the builder, or any employee, agent, or subcontractor of the builder.

3

(7) Normal wear and tear or normal deterioration.

. . . .

(13) Any condition which does not result in actual physical damage to the home.

The defendant bases its defense on the exclusions contained in sections B (6), (7) and (13) of the statute.

In *Graf v. Jim Walter Homes, Inc.*, 97-1143 (La.App. 1 Cir. 5/15/98), 713 So.2d 682, our colleagues of the first circuit went into a lengthy discussion of the NHWA. The version of La.R.S. 9:3144(A)(2) they discussed limited recovery to "any defect due to noncompliance with the building standards." Louisiana Revised Statutes 9:3144(A)(2) was amended by 1999 Acts, No. 649, § 1, to add the following wording: "or due to other defects in materials or workmanship not regulated by building standards." With that in mind, we quote approvingly:

> The plain wording of Section 3144 A(1) establishes a warranty for "any defect due to noncompliance with the building standards" and does not specify any exceptions for the items listed in [Section 3144 (A)] (2) and (3). Because plaintiff filed his suit within one year of the warranty commencement date, he has no burden of proof further than showing non-compliance with the building standards and the physical damage sustained.

*Graf*, 713 So.2d at 689.

In the case sub judice, because the plaintiffs filed their suit within one year of the commencement of their warranty, they have no further burden of proof than showing that the damage they sustained was "due to other defects in materials or workmanship not regulated by building standards." La.R.S. 9:3144(A).

The defendant first argues that, based upon La.R.S. 9:3144(B)(6), it should not be liable to the plaintiffs because any defect in material or workmanship is attributable to a subcontractor of its subcontractor and not directly attributable to it.

4

The defendant categorizes Mr. Creed, Gary Elliott Construction's painter, as an "unrelated third party." We do not agree with the defendant's characterization of Mr. Creed as an unrelated third party. As an employee of Gary Elliott Construction, we find Mr. Creed falls within the scope of the phrase "any employee, agent, or subcontractor of the builder." La.R.S. 9:3144(B)(6).

Furthermore, we liken M.R.L. to that of a "principal" or "statutory employer" in the workers' compensation statutes. Under that scheme of law and jurisprudence, the determination of whether a person or company who contracts out work is the statutory employer of an independent contractor's employees turns primarily on the facts of each case. The test employed to make that determination is whether the contracted-out activity is part of the principal's business, *i.e.*, whether the activity is essential to its business. La.R.S. 23:1061; *Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 02-1072 (La. 4/9/03), 842 So.2d 373. As painting is part and parcel of the building of any house, we find that Mr. Creed is not an unrelated third party and that the defendant's first argument is without merit.

The defendant next argues that it should not be held liable for the defective painting in the house as the house was painted with oil-based paint and that its expert witness testified that yellowing is "normal" for oil-based paint, thus exempting it from liability under La.R.S. 9:3144(B)(7). We disagree. First, Randy Paul, who was hired by the defendant to attempt to correct the problems about which the plaintiffs complained and who was qualified as an expert witness, testified that the yellowing could have been caused by heat or smoke (it was established that the plaintiffs were not smokers). Further, the plaintiffs' expert painter, Rubin Coleman, opined that the

5

oil-based paint "was cut with something other than paint thinner which caused it to turn yellow." The following is well settled:

> When there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Stobart v. Dept. of Transp. & Dev.*, 617 So.2d 880 (La.1993). Furthermore, where expert witnesses present differing testimony, it is the responsibility of the trier of fact to determine which evidence is the most credible. *Sistler v. Liberty Mutual Insurance Co.*, 558 So.2d 1106 (La.1990).

*Graf*, 713 So.2d at 691. The trial judge chose to believe Mr. Coleman. We cannot say that such a decision was clearly wrong. Thus, we reject the defendant's argument that the yellowing of the paint in the plaintiffs' house is "normal" for oil-based paint, thus exempting it from liability under La.R.S. 9:3144(B)(7).

The defendant next argues that it should be exempt from liability under the provisions of Section (B)(13) of La.R.S. 9:3144 in that the problems about which the plaintiffs complained did not result in actual physical damage to the home. The defendant tries to equate "physical damage" with some condition which would make the house uninhabitable. As the court said in *Graf*, 713 So2d at 689:

> This argument is untenable. Apparently, defendant would have us hold that the NHWA requires the home to be almost falling down around its inhabitants before physical damage could be shown. Such a reading of the "physical damage" requirement would be inconsistent with the purpose of the act stated in Section 3141 in favor of purchasers and occupants of new homes.

We find that physical damage does not equate with structural damage. Cracking of plaster, yellowing and the rubbing off of newly applied paint all constitute physical damages. This argument is without merit.

Next, the defendant attempts to raise the defense of "apparent defects" under La.Civ.Code art. 2521. Inasmuch as the defendant stipulated, at trial, that "[a]ll

6

causes of actions and defenses are being presented under the New Home Warranty Act," it cannot avail itself of this defense.

Finally, we address the defendant's claim that the damages awarded are excessive. Once again, we turn to *Graf*, wherein the court stated:

> LSA-R.S. 9:3149 A provides:
>
> > If a builder violates this Chapter by failing to perform as required by the warranties provided in this Chapter, any affected owner shall have a cause of action against the builder for actual damages, including attorney fees and court costs, arising out of the violation. The damages with respect to a single defect shall not exceed the reasonable cost of repair or replacement necessary to cure the defect, and damages with respect to all defects in the home shall not exceed the original purchase price of the home.
>
> In an action on a contract to build, the appropriate measure of damages resulting from the contractor's breach of the implied warranty of good workmanship is generally the cost of repairs when the thing can be repaired. *Degeneres v. Burgess*, 486 So.2d 769 (La.App. 1st Cir.1986). Under Section 3149 A of the NHWA, the measure is "reasonable cost of repair or replacement necessary to cure the defect"; we do not think the NHWA's use of the word "reasonable" requires a different measure. Furthermore, whether the award is pursuant to a contract or pursuant to the NHWA, our standard of review is the same: the discretion of the trier of fact in determining damages shall not be set aside absent an abuse of discretion. *Id.*

*Graf*, 713 So.2d at 691. The defendant argues that the plaintiffs' expert, Rubin Coleman, gave an estimate for repainting their whole house and that the testimony presented at trial does not support an award to repaint the entire residence. We disagree. We find that the $12,500.00 award is supported by Mr. Coleman's testimony. We find the award reasonable based upon his testimony that all of the *woodwork* in the home need to be stripped (except the baseboards, which he testified could not be stripped because to do so would damage the carpets), sanded, primed and repainted with three coats of paint. His estimate also included painting of walls

7

and ceilings that would be necessitated because of needed repairs and/or portions of the house where paint did not completely cover the surface to be painted. Mr. Coleman testified that "she said she wanted her house redone and she showed me the defects in the house in the paint job and that's what she asked for the estimate on, including material."

Accordingly we find no merit to this argument.

In brief, the plaintiffs seek additional attorney's fees to cover the cost of this appeal. Insomuch as the plaintiffs failed to appeal or answer the defendant's appeal, we have no choice but to deny this request.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are taxed against the defendant/appellant, M.R.L., L.L.C.

**AFFIRMED.**