HIGGINBOTHAM, J.
| ;>This is an appeal from a summary judgment rendered in favor of the defendant builders and dismissing the plaintiff homeowners’ claims under the 1997 version of the New Home Warranty Act (NHWA) with prejudice. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On December 16, 1998, Diann and Richard Pumphrey (the plaintiffs) purchased a new home in Mandeville, Louisiana, that was built by defendants, Rene A. Harris, Sheryl Harris, RAH Associates, Inc., and Notre Maison, LTD. (hereafter referred to collectively as “the builders”). Over nine years later, on May 5, 2008, the plaintiffs filed suit against the builders, asserting claims under the NHWA for cracks that had developed in the concrete foundation slab and tile flooring in their home.[1]
The plaintiffs allege that they discovered a crack in their home’s foundation slab in January 2008. They quickly hired a professional engineer, Friedrich W.L. Gurtler of Gurtler Bros. Consultants, Inc., who inspected their home and concluded that the foundation slab was cracked from the front of the home to the rear, in a way that extended completely through the full depth of the slab, making it a condition that was conducive to moisture intrusion or pest entrance. Mr. Gurtler recommended that the full length of the crack be exposed and sealed with a structural epoxy to seal against moisture and pests. The plaintiffs notified the builders of the slab defects, but they allege that the builders failed to remedy the deficiencies, which prompted this lawsuit.
|sThe builders also hired a professional engineer, Travis E. Tisdale of VECO Consulting, L.L.C. Mr. Tisdale inspected the plaintiffs’ home and observed a small crack in the slab under a front window, some separation in the grout of the tile flooring in a rear bathroom, and a crack in the slab that ran generally from the front of the plaintiffs’ home to the rear. Mr. Tisdale indicated that the long crack in the slab was not indicative of a structural failure of the foundation, and he agreed that the crack in the slab could be repaired by exposing it and filling it with epoxy grout material to prevent moisture from entering the crack.
The builders filed a motion for summary judgment, alleging that there were no genuine issues of material fact with regard to the plaintiffs’ inability to prove that the cracked slab in their home constituted a major structural defect under the 1997 NHWA. Thus, the builders maintained that the plaintiffs’ NHWA claims had prescribed. The builders supported their motion with Mr. Tisdale’s affidavit, referencing his consulting firm’s inspection report and concluding that the foundation crack was “the result of differential settlement” and it “did not constitute a structural failure in the home[.]” Conversely, the plaintiffs opposed the motion, relying on Mr. *89 Gurtler’s affidavit wherein he concluded that “the cracks in the [plaintiffs’] foundation and floor systems constitute major structural defects.” The plaintiffs also relied on Mr. Gurtler’s opinion that, “the foundation and floor systems have actual physical damages caused by a failure of their load-bearing portions that affects their load[-]bearing functions.... Additionally, the [plaintiffs’] home will be unlivable while these major structural defects are repaired.”
After a hearing on July 7, 2011, the trial court granted the builders’ motion for summary judgment, dismissing the plaintiffs’ NHWA claims against the builders in a final judgment signed on July 25, 2011. The trial court issued written reasons for the judgment, stating that “[t]he definition of major structural defect | includes physical damage to foundation systems but only ‘to the extent the home becomes unsafe, unsanitary, or is otherwise unliveable [sic].’ ... The Court is of the opinion that the ‘unliveable’ [sic] condition under [the NHWA] ... does not mean unliveable [sic] for a short period of curative work.” The plaintiffs appealed devolutively, assigning two errors: (1) The trial court erred when it narrowed the definition of “unlivable” and heightened the plaintiffs’ burden of proof in a manner unsupported by the NHWA; and (2) The trial court erred by improperly evaluating testimony and weighing evidence to conclude that there was no genuine issue of material fact in this case.
LAW AND ANALYSIS
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La.Code Civ. P. art. 966(A)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Vicksburg Healthcare, LLC v. State ex rel. Dept. of Health and Hospitals, 2010-1248 (La.App. 1st Cir.3/25/11), 63 So.3d 205, 207. A fact is material if it is essential to a cause of action under the applicable theory of recovery. Generally, material facts are those that potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Guardia v. Lakeview Regional Medical Center, 2008-1369 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 628.
Additionally, in ruling on a motion for summary judgment the court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Guardia, 13 So.3d at 628. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved *90 in the opponent’s favor. Id. Furthermore, if the mover will not bear the burden of proof at trial on the matter that is before the court, the mover’s burden is to point out that there is an absence of factual support for one or more essential elements to the adverse party’s claim, and then the adverse party must produce factual evidence sufficient to satisfy the evi-dentiary burden of proof at trial If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. ExxonMobile, 2002-0854 (La. App. 1st Cir.3/28/03), 844 So.2d 339, 341.
The NHWA provides the exclusive remedies, warranties, and prescriptive periods as between builders and owners relative to construction defects in new homes. La. R.S. 9:3150; Hutcherson v. Harvey Smith Const., Inc., 2008-1046 (La.App. 1st Cir.2/13/09), 7 So.3d 775, 778. The 1997 version of the NHWA requires builders to warrant “major structural defects” to owners for ten years following the warranty commencement date, which in this case was the date that the plaintiffs purchased their home. See La. R.S. 9:3144(A)(3) and La. R.S. 9:3143(7). Physical damage to the foundation or floor system in a home is explicitly enumerated and defined by statute in the NHWA as a major structural | (¡defect and is consequently, covered by the NHWA. See La. R.S. 9:3143(5)(a) & (g); Prestridge v. Elliott, 2003-94 (La.App. 3d Cir.6/4/03), 847 So.2d 789, 793-94 (plaintiffs claim for differential settlement of his home’s foundation, commonly referred to as a cracked slab, was covered by the NHWA).
Louisiana Revised Statutes 9:3143(5) unambiguously defines a “[mjajor structural defect” as:
[A]ny actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:
(a) Foundation systems and footings.
(b) Beams.
(c) Girders.
(d) Lintels.
(e) Columns.
(f) Walls and partitions.
(g) Floor systems.
(h) Roof framing systems,
(Emphasis added.)
Both experts in this case acknowledged that there was actual physical damage (a long crack the depth of the entire concrete slab) that occurred in a designated load-bearing portion — the foundation system — of the plaintiffs’ home, but the experts disagreed as to how the cracked slab affected the load-bearing function of the foundation system and whether the physical damage led to an unsafe, unsanitary, or otherwise unlivable condition in the home. Physical damage does not always equate with structural damage. Bynog v. M.R.L., L.L.C., 2005-122 (La.App. 3d Cir.6/1/05), 903 So.2d 1197, 1201, writ denied, 2005-1792 (La.1/27/06), 922 So.2d 551. However, the NHWA unambiguously requires actual physical damage for the builders’ warranty to apply. See La. R.S. 9:3144(B)(13); Bynog, 903 So.2d at 1201. Thus, the plaintiffs have the burden of proving that the defect (the slab crack) found in the load-bearing portion (the foundation) of their home made it unsafe, unsanitary, or otherwise unlivable. La. R.S. 9:3143(5).
|7At the hearing on the builders’ motion for summary judgment, the trial court was focused on the “livability” portion of the statutory definition when it pointed out *91 that the only evidence regarding the livability of the plaintiffs’ home was in connection with the relatively short period of time that would be required for the recommended injection/sealant repair remedy. By doing so, the trial court either disregarded or discounted the evidence provided by the plaintiffs’ expert, Mr. Gurtler, who opined that the load-bearing function of the home’s foundation system was affected by the entry of pests and moisture through the cracks in the slab that was “at minimum unsanitary and perhaps unsafe.” The builders’ expert, Mr. Tisdale, did not refute this evidence, but he was of the opinion that the load-bearing function of the home’s foundation system was not affected by the cracked slab. Resolution of the conflicting expert testimony necessitates a credibility determination.
It is apparent to us on our de novo review that to reach its conclusions, the trial court improperly weighed the credibility of the opposing experts. The law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. See Smith, 639 So.2d at 751; Guardia, 13 So.3d at 628; and Weeks v. Sunstream, Inc., 2009-706 (La.App. 3d Cir.2/10/10), 30 So.3d 1163, 1166, unit denied, 2010-0577 (La.6/25/10), 38 So.3d 337. Instead the trial court must assume that all affiants are credible. Weeks, 30 So.3d at 1166. That did not happen in this case.
We find that the plaintiffs produced factual support sufficient to meet their burden to show that the cracked slab in their home’s foundation was unsanitary. Therefore, there is a genuine issue of material fact as to whether the cracked foundation slab in the plaintiffs’ home meets the NHWA’s statutory definition of a major structural defect. Consequently, we conclude that the trial court erred in Isgranting summary judgment in favor of the builders and dismissing the plaintiffs’ NHWA claims against the builders.
CONCLUSION
For the expressed reasons, we reverse the summary judgment that was granted in favor of the builders and dismissed the plaintiffs’ claims. All costs of this appeal are assessed against the defendant builders, Rene A. Harris, Sheryl Harris, RAH Associates, Inc., and Notre Maison, Ltd. We remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The NHWA was originally enacted in 1986, and has since been amended multiple times. Since the plaintiffs occupied their home immediately after purchasing it in December 1998, the 1997 version of the NHWA in effect at that time controls, and the later amendments are inapplicable. See Barnett v. Watkins, 2006-2442 (La.App. 1st Cir.9/19/07), 970 So.2d 1028, 1034, writ denied, 2007-2066 (La.12/14/07), 970 So.2d 537.