McDonald, j. 12This is an appeal from a summary judgment dismissing plaintiffs claims against an emergency room physician and general hospital after the district court ruled that plaintiffs expert, a cardiologist, did not possess the requisite knowledge, skill, training, or education necessary to render an expert opinion on the standards of care or the breach of the standards of care of a general hospital or an emergency room physician. After review, we affirm. FACTS AND PROCEDURAL HISTORY This is a tragic case. Around 12:19 a.m. on June 13, 2012, 13-month-old Landon Lee[1] was transported by ambulance to Our Lady of the Lake Regional Medical Center (OLOL) with complaints of respiratory distress and vomiting. He was evaluated in the emergency room, determined to have cardiac issues, and admitted to the Pediatric Intensive Care Unit. Landon’s condition deteriorated, requiring intubation and aggressive lifesaving efforts. Landon was ultimately transferred to Ochsner Medical Center in New Orleans by helicopter later that morning so that he could be put into the ECMO (Extracorporeal Membrane Oxygenation) unit. Landon was given CPR during the transfer, and also upon arrival at Ochsner Medical Center around 9:00 a.m. However, Landon was pronounced dead at 9:44 a.m. An autopsy conducted several days later determined that Landon died from cardiomegaly (an enlarged heart). On March 17, 2015, Landon’s mother, Anjel Lee, filed suit for damages individually, and on behalf of Landon, against OLOL and Dr. Shannon Boudreaux, a pediatrician and emergency room physician who treated Landon at OLOL. Ms. Lee asserted that OLOL and Dr. Boudreaux failed to properly care for and treat |sLandon, and asked for damages resulting from his death.[2] Ms. Lee maintained that the claim was timely submitted to a Medical Review Panel, and that the panel had rendered an opinion on November 24, 2014.[3] On April 15, 2015, OLOL filed an answer, admitting that Landon was transported by ambulance to OLOL, and that Landon received medical treatment and care at OLOL. OLOL generally denied the other allegations of the petition. OLOL maintained that it was a qualified healthcare provider pursuant to the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, et seq., and was entitled to immunities from liability and limitations of liability as a qualified healthcare provider. OLOL denied a breach of the standard of care and denied that any action or inaction-on its part was a legal cause or cause in fact of any injury to Landon, or was a legal cause or cause in fact of Landon’s death. OLOL pled the fault of third parties for whom it was not liable, and asked that the claims against it be- dismissed with prejudice. On April 21, 2015, Dr. Boudreaux filed1 an answer to the petition, admitting that he provided medical care and treatment to Landon while at OLOL. Dr. Boudreaux generally denied the other allegations and raised affirmative defenses. Dr. Boudreaux maintained that he was a qualified health care provider pursuant to Louisiana law and was entitled to immunities from liability and limitations of liability as a qualified healthcare provider, and that he possessed the knowledge, training and experience necessary to provide care to Landon, and further, denied any breach of the standard of care. Further, Dr. Boudreaux denied that any action Ron his part was a legal cause or cause in fact of any injury to Landon, or was a legal cause or cause in fact of Landon’s death, and he pled the fault of third parties for whom he was not hable. Dr. Boudreaux asked for judgment in his favor dismissing the claims with prejudice. On March 14, 2016, OLOL and Dr. Bou-dreaux filed a motion for summary judgment, asserting that Ms. Lee- had no support to establish the essential elements of her claim at trial. OLOL asserted that Ms. • Lee had no expert opinion establishing the standards of care of OLOL and Dr. Bou-dreaux or showing that OLOL and Dr. Boudreaux had breached the standards of care. OLOL and Dr. Boudreaux maintained that- there was no genuine issue of material fact, that they were entitled to summary judgment as a matter of law, and asked that the claims against them be dismissed with prejudice. On June 20, 2106, Ms. Lee filed an opposition to the motion for summary judgment, maintaining in part that expert testimony was not necessary to establish a medical malpractice claim when a lay person could infer negligence. Further, Ms.. Lee maintained that, the affidavit of her expert, Dr. Jon Meliones, a board-certified pediatric cardiologist specializing in pediatric-critical care, established .that the defendants were negligent and breached the standards of care in several respects. On July 6, 2016, OLOL and Dr. Bou-dreaux filed a reply in support of their motion for summary judgment, noting that the only medical malpractice cases not requiring expert testimony are thosé where-the alleged negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony, and that this was not such a case. On July 11, 2016, the district court heard OLOL and Dr. Boudreaux’s motion for summary judgment, and afterward took the motion under advisement. Thereafter, in its reasons for judgment, the district court noted that Dr. Meliones [fiwas a board-certified pediatric cardiologist specializing in pediatric critical care. The district court noted that Dr. Boudreaux was an emergency care physician, which was recognized as its own type of medical specialty. Therefore, the district court found, Dr. Meliones was not qualified to issue an opinion as to the' standard of care and ■breach of the standard of care as to Dr. Boudreaux. The district court also found that Dr. Meliones did not have the necessary qualification to issue an opinion as to the standard of care and breach of the standard of care of a general hospital such as OLOL. Thus, the district court granted the motion to strike Dr. Meliones’s affidavit. The district court found no disputed genuine issues of material fact, found that Ms. Lee failed to establish with competent eviclence that she could satisfy her burden of proof at trial, and found that OLOL and Dr. Boudreaux were entitled to judgment as a matter of law. Thereafter, the district court granted the motion for summary judgment filed by OLOL and Dr. Boudreaux and dismissed Ms; Lee’s claims against OLOL and Dr. Boudreaux, with prejudice, by judgment signed on September 15, 2016. Ms. Lee appeals. ANALYSIS A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882-83. The burden of proof rests with the mover.. Nevertheless,, if.the mover will not bear the burden of proof at trial ,on the issue that is before the court on the motion for summary judgment, the mover’s burden on the. motion does not require I shim- to negate, all essential elements of the adverse' party’s claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C. P. art. 966D(1), Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the ease. Pumphrey v. Harris, 2012-0405 (La. App. 1 Cir. 11/2/12), 111 So.3d 86, 89. Louisiana Revised Statute 9:2794(A) provides that in a medical malpractice action, the plaintiff has the burden of proving: . .. (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice .in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues, peculiar to the particular medical specialty involved, then the plaintiff has . the burden of proving the degree of care ordinarily practiced by .physicians ... within the involved medical specialty. • . In a medical malpractice action against a physician, the plaintiff -must establish by a preponderance of the evidence the applicable standard of care, a violation of-that standard of care, and a causal cónnection’ between the alleged' negligence and the plaintiffs injuries. Likewise, in a medical malpractice action against a hospital, the plaintiff must prove that the hospital caused the injury, when it breached its duty. Expert testimony is generally required to establish the applicable standard of care and whether that standard of care was breached, except where the negligence is so obvious that's lay person can infer negligence without the guidance of expert testimony. Penn v. CarePoint Partners of Louisiana, L.L.C., 2014-1621 (La. App. 1 Cir. 7/30/15), 181 So.3d 26, 30. |7Ms. Lee’s petition shows that the medical malpractice alleged by her is not of the type that is so egregious that malpractice would be obvious to a lay person. Thus, expert testimony was necessary to prove her claims. See Penn, 181 So.3d at 30. In Penn, the plaintiff filed a medical malpractice suit against OLOL and other defendants. In his claims against OLOL, the plaintiff alleged injuries resulting from the negligence of OLOL, and asserted that OLOL was vicariously responsible for the negligence for its employees, including Dr. Giarruso, a hospitalist who treated plaintiff at OLOL. OLOL filed a motion for summary judgment, pointing out the absence of factual support for one or more of the plaintiff’s claims. Plaintiff filed an opposition to OLOL’s motion for summary judgment, and offered medical records and other documents, including an affidavit from Dr. Hue-Teh Shih, an expert in cardiology and clinical cardiac .electrophysiology. OLOL filed a reply memorandum arguing that Dr. Shih’s affidavit should be stricken because as a cardiologist, Dr. Shih was not qualified to offer opinions regarding the standard of care for Dr. Giarusso, a hospitalist. Penn, 181 So.3d at 28-29. While the plaintiff established his expert was qualified in cardiology and clinical cardiac electrophysiology, the district court concluded that the expert did not have qualifications in hospital medicine. Thus, the district court found that the expert lacked the requisite knowledge of accepted standards of medical care involved in plaintiffs claim, and also lacked qualifications on the basis of training or experience to offer, an expert opinion regarding those accepted standards of care. The district court, excluded Dr. Shih’s affidavit from evidence, and the plaintiff had produced no other evidence to establish the standard of care or that the standard of care was breached. Thus, the district court granted OLOL’s motion for summary judgment, and the case against OLOL was dismissed. On appeal, this court found |sno abuse of discretion by. the district court in excluding Dr. Shih’s affidavit from -evidence, and affirmed the summary judgment dismissing the claims with prejudice. See Penn, 181 So.3d at 32. In- the present case, the district court noted that the plaintiffs expert, Dr. Me-liones, was a board-certified pediatric cardiologist specializing in pediatric critical care; however, Dr. Boudreaux was an emergency room physician, which was a recognized medical specialty. The district court found that based on the evidence presented, Dr. Meliones did not possess the requisite knowledge, skill, training, or education necessary to render an expert opinion on the standard of care or a breach of the standard of care by Dr. Boudreaux. Further, the district court found that the evidence failed to establish that Dr. Me-liones had the necessary qualifications' to issue an opinion as to the standard of care or a breach of the standard of care of a general hospital, and as such, was not qualified to render an expert an opinion as to OLOL’s alleged negligence." In support of their motion for summary judgment, OLOL and Dr. Boudreaux offered Dr. Boudreaux’s affidavit; the affidavit of Dr. Robert. Hart, a physician specializing in internal medicine and pediatrics who was a member of the Medical Review Panel; and the findings , of the Medical Review Panel; along with Landon Lee’s medical records from OLOL, Acadian Ambulance Service, Inc., and Ochsner Medical Center, among other items. In opposing the motion for summary judgment, Ms. Lee submitted her petition for damages, excerpts from her responses to interrogatories regarding Dr. Meliones, and the affidavit of Dr. Meliones. Louisiana Code of Evidence article 702 provides: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: fc(l) The expert’s scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) The testimony is based on sufficient facts- or data; (3) The testimony is the product of reliable principles and methods; and (4) The expert has reliably applied the principles and methods to the facts of the case. A district court is accorded broad discretion in determining whether expert opinion evidence should be held admissible, and its decision will not be overturned absent an abuse of discretion. Penn, 181 So.3d at 31. The specialist is held under La. R.S. 9:2794A(1) to the degree of care ordinarily practiced by physicians within his medical specialty. Penn, 181 So.3d at 31. Dr. Boudreaux treated Landon as an emergency room physician, and OLOL is a general hospital. Dr. Meliones’s affidavit indicates that he is a board-certified pediatric cardiologist specializing in pediatric critical care performancé improvement, high frequency ventilation, and ECMO ventilation. Dr. Meliones’s affidavit' offered his expert opinion in cardiology relative to the appropriate standard of care. However, his affidavit fails to show that he has the qualifications on the basis of training or experience to offer an expert opinion regarding the accepted standards of care to be exercised by an emergency room physician, such as Dr. Boudreaux, or a general hbspital, such as OLOL. See La. R.S. 9:2794D(1)(c). Thus, his testimony would not assist the trier of fact in determining whether Dr. Boudreaux or OLOL breached their standards of care. Therefore, we cannot say that the district,court abused its discretion in ruling that Dr. Meliones’s affidavit was inadmissible. See Penn, 181 So.3d at 31-32. Because we find that the district court did not abuse its discretion in excluding Dr. Meliones’s affidavit from evidence, and Ms. Lee produced no other evidence to establish the applicable standards of care as to OLOL and Dr. | inBoudreaux, or that the applicable standards of care were breached, we find that Ms. Lee failed to establish that she would be able to satisfy her evidentiary burden of proof at trial. We find that the district court was correct in granting summary judgment in favor of OLOL and Dr. Boudreaux. CONCLUSION For the foregoing reasons, the judgment of the district court granting Our Lady of the Lake Regional Medical Center and Dr. Shannon Boudreaux’s motion for summary judgment and dismissing Anjel Lee’s claims against them with prejudice is affirmed. The costs of this appeal are assessed against the plaintiff, Anjel Lee. AFFIRMED. . We note that the child’s name also appears as "Landan” in the record. . Dr. Michael Quinn (Landon's pediatrician), along with Dr. Kelechi N. Iheagwara and Dr. Rufus Hixon, III (who both treated Landon at OLOL), were also named as defendants in the petition. However, those claims are not before us in the present appeal. .The Medical Review Panel found that the evidence did not support the conclusion that the defendants failed to meet the applicable standard of care as charged in the complaint. The Medical Review Panel determined that although the outcome was tragic, all of the parties involved in the case acted in an appropriate and timely manner to give Landon the best chance at surviving his "very malignant” condition.