STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0957

GULF SOUTH PSYCHIATRY, L.L.C.

VERSUS

GREENBRIER HOSPITAL, L.L.C. D/B/A COVINGTON
BEHAVIORAL HEALTH

Judgment Rendered: **APR 1 6 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2019-12757

Honorable Raymond S. Childress, Judge Presiding

* * * * *

Lillian M. Grappe                      Attorneys for Plaintiff-Appellee,
Harry Rosenberg                        Gulf South Psychiatry, L.L.C.
New Orleans, LA


Rebekka C. Veith                       Attorneys for Defendant-Appellant,
Brent B. Barriere                      Greenbrier Hospital, L.L.C. d/b/a
New Orleans, LA                        Covington Behavioral Health

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**HESTER, J.**

In this breach of contract case, defendant appeals the trial court's grant of summary judgment in favor of plaintiff, finding defendant breached a professional services agreement entered into by the parties and ordering defendant to pay damages caused by the breach. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURUAL HISTORY

On July 29, 2016, plaintiff, Gulf South Psychiatry, L.L.C. ("GSP"), a group of physicians specializing in psychiatry, and defendant, Greenbrier Hospital, L.L.C. d/b/a Covington Behavioral Health ("Greenbrier" or "Hospital") entered into a Professional Services Agreement ("PSA"). Therein, Greenbrier engaged GSP to provide psychiatric services to Greenbrier's patients. As compensation for the services provided by GSP, including on call services[1] and hospital medical director services,[2] Greenbrier agreed to pay GSP directly on a monthly basis. The PSA also provided that GSP had the right to bill and collect payment for professional services rendered at the hospital from patients and third-party payors.

In February 2019, it came to the attention of GSP that Greenbrier and United Behavioral Health ("United"), a third-party payor, entered into a contract wherein United reimbursed Greenbrier in an all-inclusive arrangement for patients treated at Greenbrier ("United Contract"). It was explained to GSP through Physician Billing, Inc., GSP's billing representative, that under the United Contract, Greenbrier received reimbursement from United on a per diem basis made up of a single fee for all services provided to United's patients, including using the hospital facility and medical services performed by GSP's physicians. Therefore, United informed GSP

---

[1] On call services include being available seven days a week to the in-patient units assigned to GSP.

[2] Hospital medical director services include items such as training staff, participating in the development of facility wide performance improvement, and attendance at quarterly meetings

2

that it would no longer pay GSP for professional services rendered at Greenbrier and would "take back" payments[3] already made to GSP because the United Contract provides that all physician charges are included in the hospital per diem rate for all United Medicaid patients.

Thereafter, GSP contacted Greenbrier about the lack of compensation from United for professional services rendered at the hospital, and Greenbrier agreed that physician fees were inclusive in the United Contract. On April 18, 2019, GSP sent Greenbrier a demand letter seeking payment for professional services provided by GSP to United's patients at Greenbrier. After receiving no response, on May 31, 2019, GSP filed a "Petition for Damages" naming Greenbrier as defendant. In its petition, GSP alleged that Greenbrier breached the PSA by entering into an "all-inclusive" reimbursement arrangement with United, which did not allow GSP to bill United for the professional component of its medical services.[4] GSP sought damages of "at least $45,480.43" representing the amount of money United had taken back from GSP for professional services rendered by GSP to United patient's at Greenbrier.

On November 14, 2019, GSP filed a motion for summary judgment seeking a judgment with respect to its petition for damages for breach of contract. Greenbrier opposed the motion. After a hearing, the trial court granted summary judgment in favor of GSP finding Greenbrier breached the PSA. The trial court ordered Greenbrier to pay to GSP the sum of $45,480.43, plus legal interest from May 31, 2019, until paid. It is from this judgment that Greenbrier appeals contending that the trial court erred in granting summary judgment in favor of GSP. Specifically,

---

[3] United informed GSP that it would "take back" prior payment made to GSP for services rendered at Greenbrier by not making other payments billed by and due to GSP.

[4] In its petition, GSP also asserted claims for unjust enrichment and detrimental reliance in the alternative. GSP sought summary judgment only on its breach of contract claim, and GSP's detrimental reliance and unjust enrichment claims are not at issue on appeal.

Greenbrier contends that GSP did not establish a *prima facie* case of breach of contract as required on summary judgment, and the trial court erred by looking to the parties' intent. In the alternative, Greenbrier argues that the trial court erred in awarding legal interest from the date of written demand rather than the date of the final judgment.

## LAW AND ANALYSIS

### I.    Summary Judgment

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact for all or part of the relief prayed for by a litigant. See La. Code Civ. P. art. 966(A)(3). A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate – whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Beer Industry League of Louisiana v. City of New Orleans**, 2018-0280 (La. 6/27/18), 251 So.3d 380, 386.

The burden of proof rests with the mover. La. Code Civ. P. art. 966(D)(1). When the mover will bear the burden of proof at trial, the mover has the burden of making a *prima facie* showing that no genuine issue of material fact remains. Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. See **Action Oilfield Services, Inc. v. Energy Management Co.**, 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So.3d 538, 541-542.

Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. **Pumphrey v. Harris**, 2012-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 89. The burden of proof in an action to recover

4

damages for breach of contract is on the party claiming rights under the contract. **Bond v. Allemand**, 632 So.2d 326, 329 (La. App. 1st Cir. 1993), <u>writ denied</u>, 94-0718 (La. 4/24/94), 637 So.2d 468. The essential elements of a breach of contract claim are (1) the obligor undertook an obligation to perform, (2) the obligor failed to perform the obligation, and (3) the failure to perform resulted in damages to the obligee. <u>See</u> La. Civ. Code art. 1994; <u>see also</u> **Hayes Fund for the First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mt., LLC**, 2014-2592 (La. 12/8/15); 193 So.3d 1110, 1115.

GSP, as the mover who will also bear the burden of proof at trial, has the burden of making a *prima facie* showing that no genuine issue of material fact remains. In support of their motion for summary judgment, GSP attached the affidavit of Harminder S. Mallik, M.D., the sole member of GSP. Attached to Dr. Mallik's affidavit were the PSA, emails between Physician Billing, Inc. and representatives of Greenbrier, the demand letter from GSA to Greenbrier, the summary of recovered overpayments/payments created by United, and a spreadsheet provided by Physician Billing, Inc. tabulating the figures provided by United's summary of overpayment.

GSP contends that Greenbrier breached the PSA under Section 6.1 regarding payment for professional services. Section 6.1 pertinently provides:

> In consideration of the Professional Services, the Hospital agrees that GSP shall have the right to bill and collect the professional component of the Services provided by the Physician(s). GSP shall bill and collect from patients and third-party payors for the Services. The Hospital shall cooperate fully with GSP in facilitating collections of monies by obtaining current patient and third-party billing information at the time of each service and providing such information and such forms to GSP as shall be necessary for GSP to receive third-party reimbursement.

In his affidavit, Dr. Mallik attested that in February 2019, it came to the attention of GSP that Greenbrier had entered into a contract with United wherein United reimbursed Greenbrier under an "all-inclusive" arrangement for patients that

5

were treated at the Hospital's facility by GSP physicians. According to Dr. Mallik, a representative at United explained to Physician Billing, Inc. that Greenbrier received reimbursement from United on a per diem basis made up of a single fee for all services provided to United's patients, including use of the Hospital's facility and medical services performed by GSP's physicians.

In the series of emails between Physician Billing, Inc. and representatives of Greenbrier, Physician Billing, Inc. pointed out that United said "they are going to take back 82,000.00 from billing on dates from 1/2016-6/2017...the contract with Greenbrier [sic] states that all MD CHARGES ARE INCLUDED in the hospital per diem rate for all United Medicaid patients." In an email from Ethan Thompson, then CFO of Greenbrier, to Physician Billing, Inc., Mr. Thompson said that he reviewed the United Contract and the contract "indicated that physician fees were inclusive."

In the April 18, 2019 demand letter from GSP to Greenbrier, GSP stated that it performed medical services under the PSA and unsuccessfully attempted to bill and collect reimbursement from United for services provided to dozens of patients at Greenbrier. GSP said that the representations made by Greenbrier indicated that the United Contract was a bundled arrangement under which the Hospital collects a single fee for all services provided to patients, including medical services performed by GSP physicians. GSP said as a result, the Hospital has effectively collected and retained money for medical services performed by GSP in direct contravention of its obligations under the PSA.

The summary of recovered overpayment/payment created by United reflected the amounts initially paid to GSP for services performed at Greenbrier's facility and the amount recovered or "taken back" from GSP. Physician Billing, Inc. provided GSP with a spreadsheet tabulating the figures provided by United indicating that

United will "take back" $45,480.43[5] in payments made to GSP for physician's services rendered at Greenbrier.

After review of the evidence submitted by GSP in support of summary judgment, we find GSP made a *prima facie* showing that no genuine issue of material fact remains. In the PSA, Greenbrier agreed that GSP shall have the right to bill and collect the professional component of the services provided by the physicians, and GSP shall bill and collect from patients and third-party payors for the services. GSP performed the professional services provided for in the PSA to patients at the Hospital but was not compensated by United, a third-party payor. The email from Physician Billing, Inc. to Greenbrier revealed that Greenbrier received reimbursement from United on a per diem basis that included payment for professional services, and that United was going to take back payments made to GSP for charges from the physicians because they were included in the United Contract. Greenbrier's CFO acknowledged that physician fees were included in the United Contract. United provided GSP with the summary of recovered overpayments/payments reflecting the amounts initially paid to GSP for services performed at Greenbrier and the amounts recovered by United from GSP. Further, Dr. Mallik pointed out that Physician Billing, Inc.'s spreadsheet reflects the balance of unpaid services provided by GSP's physicians under the PSA to Greenbrier and its patients in connection with the United Contract.

By entering into the United Contract, Greenbrier directly impaired GSP's ability to bill and collect compensation for professional services rendered by GSP to United's patients at Greenbrier. This is in direct contravention of GSP's contractual rights under the PSA to "bill and collect the professional component of the Services" provided by its physicians, and Greenbrier's obligation "to cooperate fully with GSP

---

[5] This amount included $45,332.73 taken back by United at the time the spreadsheet was created, as well as $174.70 United intended to take back.

in facilitating collections of monies[.]" Had Greenbrier not entered into the United Contract, GSP could have simply billed United and received payment for professional services rendered to United's patients at Greenbrier.

Accordingly, GSP proved each essential element for a breach of contract claim. Under the PSA, (1) Greenbrier had an obligation to allow GSP to bill and collect for professional services from third-party payors; (2) Greenbrier breached that obligation by entering the United Contract, which prevented GSP from collecting payment from United; and (3) Greenbrier's breach resulted in damages to GSP because GSP was unable to collect $45,480.43 for professional services rendered at Greenbrier's facility.

As GSP made a *prima facie* showing that no genuine issue of material fact remains, the burden shifted to Greenbrier to present evidence demonstrating a material factual issue exists. Greenbrier argued that its only obligation regarding billing of professional services was to provide the current patient and third-party billing information at the time of each service and provide such information and such forms to GSP as shall be necessary for GSP to receive third-party reimbursement. In opposition to summary judgment, Greenbrier submitted the affidavit of its current CFO, Bryan McCauley. Mr. McCauley stated that Greenbrier provides to physicians the billing information for patients or third-party payors, and that Greenbrier pays for on-call services at a flat rate per month, and hospital medical director services at an hourly rate.

We disagree with Greenbrier's interpretation of its obligation under the PSA. Greenbrier's obligation in the PSA was to not only provide the information necessary for physicians to bill and collect payment, but to also not directly impair GSP's right to bill and collect the professional component of their services from third-party payors.

8

Greenbrier argued that the trial court erred in inferring intent when interpreting the contract. Specifically, Greenbrier argued that the trial court apparently determined that the parties intended for Greenbrier to incur an unwritten obligation to force United to make payment under the contract. There was nothing in the record indicating that the trial court considered the parties intent in interpreting the PSA. Moreover, our review of summary judgment is *de novo*, and even if the trial court considered intent, we have determined that the words of the PSA were clear and explicit and made no further interpretation in search of the parties' intent. See La. Civ. Code art. 2046. Accordingly, Greenbrier did not meet its burden of proving a genuine issue of material fact remains.

## II.    Interest

Greenbrier contends that the trial court erred in awarding legal interest on the damage award from May 31, 2019, the date of judicial demand. The well established rule is that legal interest is due on the principal amount of the judgment no later than from the date of judicial demand on a claim for damages arising out of a breach of contract, regardless of whether the precise amount of the claim is unliquidated, disputed, or not ascertainable with certainty at the time suit is filed. **Graf v. Jim Walter Homes, Inc.**, 97-1143 (La. App. 1st Cir. 5/15/98), 713 So.2d 682, 693. Accordingly, we find no merit to Greenbrier's argument.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of the appeal are assessed to defendant-appellant, Greenbrier Hospital, L.L.C. d/b/a Covington Behavioral Health.

**AFFIRMED.**