PENZATO, J.
*950 This is an appeal from a trial court judgment granting a motion for summary judgment in favor of the defendants/appellees. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Patricia Bowen filed this lawsuit on October 9, 2013, against the State of Louisiana, and the Board of Supervisors, Louisiana State University Agricultural and Mechanical College, and Earl K. Long Medical Center (collectively, "EKL") for injuries she sustained exiting an elevator located at Earl K. Long Medical Center. Also named as defendants were Stratos Elevator, Inc., which had a contract to provide maintenance services for the elevators at Earl K. Long Medical Center, and its insurer, StarNet Insurance Company (collectively, "Stratos"). According to Ms. Bowen, on October 10, 2012, the elevator dropped and then abruptly went up as she exited, causing her to be violently flung into the adjacent wall, causing serious injury. Ms. Bowen alleged that the defendants were negligent by not performing proper maintenance and/or maintaining preventative maintenance on the elevators at Earl K. Long Medical Center, and by not providing her with a safe environment. Ms. Bowen further alleged that at the time of the incident, she was performing her work duties for Amerigroup Corporation. In its capacity as the workers' compensation insurer that paid Ms. Bowen benefits as a result of the accident, Sentry Insurance, A Mutual Company ("Sentry"), filed a petition for intervention on November 20, 2013.
On June 3, 2015, EKL filed a motion for summary judgment, alleging that Ms. Bowen could not prove that EKL had prior notice of an alleged elevator defect, that the alleged defect presented an unreasonable risk of harm, and that EKL acted unreasonably. Stratos also filed a motion for summary judgment, alleging that Ms. Bowen had no evidence of an alleged elevator defect causing injury and no evidence that Stratos knew, or should have known, of any alleged defect.[1]
Following a number of continuances to allow plaintiff to conduct discovery, the motions came for hearing on February 21, 2017. The trial court granted both motions for summary judgment. With regard to Stratos, the trial court found that there was no evidence of custody or control of the elevator, and no evidence of prior notice of a defect. With regard to EKL, the trial court found that "while there might be a genuine issue of material fact regarding whether or not there is a defect," there was no evidence of prior notice. The trial court signed a judgment in accordance with that ruling on March 8, 2017, granting both motions for summary judgment and dismissing plaintiff's claims with prejudice. Ms. Bowen and Sentry now appeal.
ASSIGNMENTS OF ERROR
Sentry alleged that the trial court erred in finding that there was no notice of a *951 hazardous condition to EKL or Stratos, and in finding that there was no "garde" by Stratos. Ms. Bowen alleged that the trial court erred in: (1) granting EKL's motion for summary judgment despite its failure to comply with pending discovery; (2) granting EKL's motion for summary judgment despite its failure to preserve evidence; (3) granting summary judgment despite two expert affidavits and other evidence that appeared to negate the asserted bases for the summary judgments; and (4) failing to comply with La. C.C.P. art. 1425(F).
LAW AND DISCUSSION
After adequate discovery, a motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2) and (C)(1).[2] The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2).
The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, he need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. If the nonmoving party fails to make this requisite showing, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. art. 966(C)(2). If, however, the mover fails in his burden to show an absence of factual support for one or more of the elements of the adverse party's claim, the burden never shifts to the adverse party, and the mover is not entitled to summary judgment. LeBlanc v. Bouchereau Oil Co., Inc. , 2008-2064 (La. App. 1 Cir. 5/8/09), 15 So.3d 152, 155, writ denied, 2009-1624 (La. 10/16/09), 19 So.3d 481.
In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett , 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam ). A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id. at 765-66. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Willis v. Medders , 2000-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam ).
*952 In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Reynolds v. Bordelon , 2014-2371 (La. 6/30/15), 172 So.3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Pumphrey v. Harris , 2012-0405 (La. App. 1 Cir. 11/2/12), 111 So.3d 86, 89.
We first address Ms. Bowen's allegation that the trial court erred in failing to comply with La. C.C.P. art. 1425(F), which requires a pretrial hearing to determine whether a witness qualifies as an expert or whether the methodologies employed by the witness are reliable. On February 10, 2017, in opposition to the pending motions for summary judgment, Ms. Bowen attached the affidavits of two experts, contending that the experts' opinions created genuine issues of material fact. Both EKL and Stratos objected to the affidavits and reports, and argued that the reports should not be considered by the trial court. At the hearing on the motions for summary judgment, the trial court indicated that any motions to strike the reports were denied. In view of the fact that the trial court reviewed and Considered the expert reports submitted by Ms. Bowen, we find this assignment of error to be moot.
Stratos's Motion for Summary Judgment
As noted above, Ms. Bowen alleged in her petition that Stratos was negligent by not performing proper maintenance and/or maintaining preventative maintenance on the elevators at Earl K. Long Medical Center. When an elevator maintenance company is neither the owner of the elevator nor has exclusive "garde" of the elevator, it must exercise reasonable care in the performance of its services. King v. Home Depot U.S.A., Inc. , 98-0535 (La. App. 1 Cir. 4/1/99), 729 So.2d 1149, 1152.
In support of its motion for summary judgment, Stratos submitted the affidavit of Richie Doiron, the president of Stratos Elevator, Inc. Mr. Doiron attested that in 2010 Stratos executed an Elevator Maintenance and Repair Contract with EKL that was in effect at the time of Ms. Bowen's October 10, 2012 accident. He further attested that pursuant to the contract, "Stratos performed preventative elevator maintenance and lubrication services using Stratos's skilled maintenance personnel on the five elevators at [Earl K. Long Medical Center], including elevator # 1 (the elevator involved in Ms. Bowen's accident)." Mr. Doiron stated that on September 25, 2012, and again on October 3, 2012, Stratos performed routine maintenance on all of the elevators at Earl K. Long Medical Center, including elevator # 1, and that at those times elevator # 1 operated properly and no problems with the elevator were found. According to Mr. Doiron, routine maintenance included riding and checking the operation of the elevator including checking the floor levels, checking oil levels, checking motor and generator brushes, checking door safety, checking indicator lights, checking telephones in the car, checking the alarm bell, and cleaning and checking the car top, pit equipment, and machine room equipment. In addition to the routine maintenance and inspections, Stratos received bi-yearly inspection reports from inspectors hired by the State of Louisiana, Office of Risk Management, to search for any maintenance deficiencies. Stratos received a report documenting that elevator # 1 was inspected by the State's elevator inspectors on July 5, 2012, and was found to be operating properly. Finally, Mr. Doiron attested that following Ms. *953 Bowen's accident, Stratos inspected elevator # 1 and found the elevator at floor level on the first floor. The elevator was run for two hours with no problems, and was floor-level every run. According to Mr. Doiron, no problem was found with the elevator and no repairs were needed.
In opposition to the motion for summary judgment, Sentry relied upon the deposition of Mr. Doiron, wherein he testified that the elevators at Earl K. Long Medical Center were forty years old, and that the air conditioner in the equipment room at the facility was never properly maintained, such that the temperature would get as high as 105 degrees. According to Mr. Doiron, the elevators were prone to heat, and because of their age they had old contacts. He further testified that the failure of one of the contacts could cause the elevator to act up, meaning that it might not stop at the floor, might not open the doors, "might go up, might go down below the floor level, level back up." Mr. Doiron testified that many of the problems that Stratos had with the elevators were due to the extensive heat in the equipment room.
Also admitted in opposition to the motion for summary judgment were the expert reports of Don Buisson and Gerald George. Mr. Buisson, an elevator operation and maintenance expert identified "multiple factors that contributed to the malfunction of the subject elevator." According to Mr. Buisson, elevators in use for over forty years require additional care and scrutiny than more updated models; a proposal made for renovation of the elevators indicated that they were likely to cause future safety problems; and the elevator service records revealed a history of problems related to malfunctions. He noted that the high heat in the machine room would affect the performance and safety of the elevators. Mr. George, a biomechanical expert opined that it was more probable than not that the subject elevator did in fact malfunction such that it failed to achieve and/or maintain proper alignment with the threshold at the first floor level after its door had opened, and that the mechanical malfunction was the direct, causal link to the accident and subsequent injuries sustained by Ms. Bowen.
Stratos introduced evidence that it had a maintenance and service contract that required it to service the elevators at Earl K. Long Medical Center on a regular basis. It further introduced evidence that it performed routine maintenance on elevator # 1 on September 25, 2012, and on October 3, 2012, and that at those times the elevator operated properly and no problems were found. In addition, Stratos received a report documenting that elevator # 1 was inspected by the State's elevator inspectors on July 5, 2012, and was found to be operating properly. The burden thus shifted to Ms. Bowen to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden at trial that Stratos was negligent by not performing proper maintenance and/or maintaining preventative maintenance on the elevators at Earl K. Long Medical Center. Ms. Bowen failed to produce evidence that Stratos owned the elevator or had exclusive garde of it. Moreover, Ms. Bowen failed to show that Stratos breached its duty to exercise reasonable care in the performance of its maintenance contract. Therefore, any argument that the trial court erred in granting summary judgment in favor of Stratos has no merit.
EKL's Motion for Summary Judgment
We first address Ms. Bowen's assertion that the trial court erred in granting EKL's motion for summary judgment despite its failure to comply with pending discovery and its failure to preserve evidence.
*954 Ms. Bowen filed suit on October 9, 2013 for an incident that occurred on October 10, 2012. EKL filed its motion for summary judgment on June 3, 2015, and Stratos filed its motion for summary judgment on July 21, 2015. The motions were originally set for hearing on October 5, 2015, but were continued to December 14, 2015, and then again to February 22, 2016. Prior to the February 22, 2016 hearing, Ms. Bowen filed a motion to continue, asserting that discovery was incomplete. According to Ms. Bowen, in November of 2015, she served notice requesting the depositions of a number of individuals she asserted were associated with EKL, as well as a representative of Stratos. Ms. Bowen also requested documents which she asserted had not been provided. The February 22, 2016 hearing on the motions for summary judgment did not go forward, and was reassigned for June 27, 2016.
At the June 27, 2016 hearing, the trial court first addressed Ms. Bowen's motion to continue. Ms. Bowen indicated that she had taken the deposition of a Stratos representative, but that EKL had not satisfied her request for depositions. In response, EKL argued that the individuals that Ms. Bowen sought to depose were no longer employed by EKL following the closure of Earl K. Long Medical Center in 2013. The trial court noted that EKL had failed to provide to Ms. Bowen a response indicating that the individuals were no longer under the control of or employed by EKL, and providing their last known addresses. The trial court granted the motion to continue.
On November 16, 2016, EKL filed a motion to reset the hearing on the motions for summary judgment. According to EKL, on July 12, 2016, it provided Ms. Bowen with the last known contact information of the individuals identified in her deposition notice, and she had taken no action to pursue additional discovery since that time. Ms. Bowen opposed the motion to reset the motions for summary judgment, again arguing that EKL failed to respond to the discovery propounded and to set requested depositions. Ms. Bowen further argued that EKL failed to preserve evidence. According to Ms. Bowen, on January 18, 2017, she sent a request for all public records concerning an intent to renovate the elevators at Earl K. Long Medical Center, any communications concerning said elevators, and any reports of prior accidents, incidents, or injuries involving the elevators from the time of installation. In response, Ms. Bowen was advised by the State of Louisiana, Department of Health and Hospitals, that there were no records available, as records were retained for a period of three years plus the current year. As noted above, Earl K. Long Medical Center closed in 2013. Ms. Bowen argued that EKL had a duty to preserve the records in expectation of future litigation.
There is no absolute right to delay action on a motion for summary judgment until discovery is completed. Simoneaux v. E.I. du Pont de Nemours & Co., Inc. , 483 So.2d 908, 912 (La. 1986). Rather, the only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. Id. at 913.
The theory of "spoliation" of evidence refers to an intentional destruction of evidence for the purpose of depriving opposing parties of its use. Clavier v. Our Lady of the Lake Hosp. Inc. , 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So.3d 881, 885, writ denied, 2013-0264 (La. 3/15/13), 109 So.3d 384.
*955 Under the facts of this case, Ms. Bowen had the opportunity for "adequate discovery." La. C.C.P. art. 966(C)(1). EKL's motion for summary judgment was filed on June 3, 2015, and ultimately came for hearing on June 27, 2016. At that time, the trial court granted Ms. Bowen's motion to continue the hearing, noting that EKL had failed to formally respond to discovery requests by providing the last known addresses of individuals no longer under the control of or employed by EKL. Ms. Bowen does not dispute that EKL provided her with that information on July 12, 2016, and acknowledged that the only action she took since receiving the information was to write to the individuals. In the seven months from receiving the information from EKL and the time of the hearing on the motion for summary judgment on February 21, 2017, Ms. Bowen failed to depose any of the individuals. Moreover, she did not request from the State of Louisiana, Department of Health and Hospitals, the records of communications concerning the elevators, and reports of prior accidents, incidents, or injuries, until January 18, 2017, more than four years after Ms. Bowen's October 10, 2012 accident. There is no proof that these records were intentionally destroyed for the purpose of depriving Ms. Bowen of their use. These assignments of error are without merit.
We now address the merits of the summary judgment in favor of EKL. A public entity's liability for a defective thing within its custody or care is analyzed under La. R.S. 9:2800. Broussard v. State ex rel. Office of State Bldgs. , 2012-1238 (La. 4/5/13), 113 So.3d 175, 181. Louisiana Revised Statutes 9:2800(A) provides that "[a] public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody." Louisiana Civil Code article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by ... the things which we have in our custody." Louisiana Civil Code article 2322 modifies liability under La. C.C. art. 2317 as follows:
Art. 2322. Damage caused by ruin of building
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Under La. C.C. art. 2322, a plaintiff must prove the following elements to hold the owner of a building liable for the damages caused by the building's ruin or a defective component: (1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation, Broussard , 113 So.3d at 182-83. Additionally, our jurisprudence requires that the ruinous building or its defective component part create an unreasonable risk of harm. Id. at 183.
The central issue raised on appeal is whether the trial court erred in finding that there was no notice of a hazardous condition to EKL. In support of its motion for summary judgment, EKL submitted the affidavit of Robert Simpson, who at all *956 pertinent times was employed by Earl K. Long Medical Center as the Director of Maintenance. Mr. Simpson attested that at all pertinent times, Stratos was employed to perform routine maintenance and repair of any problems associated with the elevators located on the premises. He further attested that in his position he would receive notice of all complaints or reports of problems with the elevators, and that any and all complaints and/or reports regarding the elevators were directed to Stratos for maintenance and/or repair. Finally, he attested that prior to the date of Ms. Bowen's accident, Earl K. Long Medical Center received no notice of any elevator problems of the nature alleged by Ms. Bowen.
Sentry argued that the deposition testimony of Mr. Doiron established that conditions at the hospital were "ripe for creating malfunctions involving the elevators." Sentry further argued that Stratos's service records contained numerous notations of difficulties regarding the subject elevator. In particular the service records identify several entries on a telephone service request log. The notes on May 22, 2012, indicate the subject elevator had been turned off at the fifth floor and that both elevators were noted to be "out." The subject elevator was noted to be "out of service" on July 19, 2012, and on September 8, 2012, a passenger was trapped in the elevator. Finally, on September 14, 2012, the same elevator was noted to be "acting up."
Sentry also relied upon Mr. Doiron's deposition testimony that EKL was aware of the problems with the air conditioning in the equipment room. Ms. Bowen relied upon the expert reports of Mr. Buisson and Mr. George. As noted above, Mr. Buisson opined that the high heat in the machine room would affect the performance characteristics and safety of the elevators. He further opined that EKL was aware of the heat problem in the equipment room, and therefore "it can be readily established that [EKL] in fact knew that the subject elevator had in the past suffered from the very same performance characteristic that caused the Patricia Ashley Bowen Incident." Mr. George did not address the issue of whether EKL knew or should have known of a defect with the elevator.
We find that the evidence fails to create a genuine issue of material fact as to whether EKL either knew or should have known of any alleged defect in the elevator. As noted above, Mr. Doiron attested that on September 25, 2012, and again on October 3, 2012, Stratos performed routine maintenance on elevator # 1, and that at those times the elevator operated properly and no problems with the elevator were found. Mr. Doiron further attested that following Ms. Bowen's accident, Stratos inspected elevator # 1 and no problem was found with the elevator and no repairs were needed. Mr. Simpson's affidavit states that prior to the date of Ms. Bowen's accident, Earl K. Long Medical Center received no notice of any elevator problems of the nature alleged by Ms. Bowen. Whether EKL had notice of the alleged defect is a fact-intensive inquiry. As EKL has pointed out the absence of factual support that it had notice of the alleged defect in the elevator, the burden shifted to Ms. Bowen to produce facts sufficient to establish that she would be able to satisfy her evidentiary burden at trial that EKL had notice of the alleged defect. We find that EKL's knowledge of extensive heat in the equipment room is not sufficient to satisfy the requirement under La. C.C. art. 2322 that it knew or, in the exercise of reasonable care, should have known of a defect in the elevator that caused it to drop and then abruptly rise as Ms. Bowen exited the elevator, causing her to be violently flung into the adjacent wall. We further find that Mr. Buisson's opinion regarding *957 EKL's knowledge is a legal conclusion that will not assist the fact finder in determining whether EKL had notice of the alleged defective condition. Thus, the evidence does not satisfy Ms. Bowen's duty to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden as to the notice issue at trial. Accordingly, we find that any argument that the trial court erred in granting summary judgment in favor of EKL has no merit.
CONCLUSION
Based on the foregoing, we affirm the March 8, 2017 judgment of the trial court. Costs of this appeal are assessed equally to plaintiff, Patricia Bowen, and intervenor, Sentry Insurance, A Mutual Company.
AFFIRMED.

Stratos's motion for summary judgment was filed on July 21, 2015.

Louisiana Code of Civil Procedure article 966 was amended and reenacted by 2015 La. Acts, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. As these motions for summary judgment were filed on June 3, 2015, and July 21, 2015, we refer to the former version of the article in this case. See 2015 La. Acts, No. 422, §§ 2 and 3.