PONDER, Judge.
Plaintiffs have appealed from the judgment denying recovery of damages arising from a one-vehicle automobile accident.
The issues posed are: the negligence of the driver; contributory negligence of the passengers; the employment relationship of the driver; and the course and scope of the driver’s employment.
We affirm.
Johnny Winslow, a long time employee of G. M. C. Tire Co., Inc., signed a contract about four months before the accident, purporting to make him an independent contractor rendering a mobile tire repair service. Steven Winslow, his son, operated one of the two trucks owned by the father. On the day of the accident, about 11 A.M., Steven picked up Richard Matthews and the two then picked up Brenda and Loretta Williams. Both Steven and Richard were killed in the accident; Brenda and Loretta received serious injuries. The investigating officer believed from the evidence that the truck went off the road on the right, came back onto the road and then rolled sidewise. Brenda Williams did not remember anything of the accident. Loretta Williams said only that the truck went off the road and the driver lost control. There were no other witnesses.
Plaintiffs, the mother of Brenda and Loretta Williams and the mother of Richard Matthews, pressed claims against Johnny Winslow, G. M. C. Tire Co., Inc., and Pan American Fire and Casualty Company. The claim against G. M. C. Tire Co., Inc. was based on the assertion that Johnny Winslow and Steven Winslow were employees of the firm. Pan American Fire and Casualty Company was the liability insuror of G. M. C. Tire Co., Inc.
The lower court dismissed all claims at plaintiffs’ costs. No reasons were assigned.
The court’s decision could be based on: a finding of no negligence on the part of Steven Winslow; a finding of contributory negligence of Richard Matthews, Brenda and Loretta Williams; or a finding that Steven Winslow was not within the course and scope of his employment at the time of the accident.
A finding that Steven Winslow was not an employee of G. M. C. Tire Co., Inc., would result in a dismissal of the suit against that company and its insuror but not the suit against Johnny Winslow.
There is a total absence of any proof of contributory negligence of the three passengers.
The evidence as to the negligence of Steven Winslow consists of the fact that the accident happened as it did. The plaintiffs urge the application of res ipsa loquitur and are quite persuasive.
Nevertheless, we base our decision to affirm on the finding that Steven Winslow was not within the course and scope of his employment.
There is a presumption that an employee involved in an accident in his employer’s vehicle is within the course and scope of his employment. Convincing evidence is required to overcome this presumption. Windham v. Security Insurance Company of Hartford, 337 So.2d 577 (La.App. 4th Cir., 1976). In addition to this presumption there is some vague hearsay testimony by Johnny Winslow that his son, Steven, was on his way to Shriever to repair a tire.
Plaintiff, Mary Matthews, testified that her son, Richard, was not working for Steven Winslow and that when she cautioned her son about being late for his own job he said he would be back to go to work at noon. The two girls, picked up after *1031 Richard, testified there was no mention of Steven going on a job; that he in fact was taking them home.
This evidence together with the failure to produce any clearer proof that Steven was on an employer’s mission, could have been relied upon by the trial court to find that plaintiffs had not borne the burden of proving that Steven Winslow was within the course and scope of his employment. We agree.
We therefore affirm on that ground. The plaintiffs are cast with all costs.
AFFIRMED.