965 So.2d 898 (2007)
Jerome Michael ELLENDER
v.
NEFF RENTAL, INC., ABC Insurance Company, David A. Levingston, and State Farm Mutual Automobile Insurance Company.
No. 2006 CA 2005.
Court of Appeal of Louisiana, First Circuit.
June 15, 2007.
*899 Michael J. Samanie, Stephen S. Stipelcovich, Houma, Counsel for Plaintiff/Appellee Jerome Michael Ellender.
Robert I. Siegel, Daniel G. Rauh, New Orleans, Counsel for Defendant/Appellant Neff Rental, Inc.
John M. Crosby, Metairie, Counsel for Defendant/Appellee David A. Levingston.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
Defendant, Neff Rental, Inc., appeals a partial summary judgment finding that its employee and co-defendant, David Levingston, was acting within the course and scope of his employment at the time he was involved in an automobile accident. Neff Rental also has filed a motion to supplement the appellate record with one pleading and two orders filed into the record several months after the foregoing motion for partial summary judgment was granted. For the reasons that follow, we deny the motion to supplement the record and affirm the partial summary judgment.

FACTUAL AND PROCEDURAL HISTORY
In 2005, Mr. Levingston was employed as a regional sales manager with Neff *900 Rental. His territory included several offices in various Louisiana cities. Because of his position, Mr. Levingston was required to travel a great deal. Neff Rental paid Mr. Levingston $600 per month to compensate him for the use of his personal vehicle in performing his job duties and provided him with a company credit card to purchase all his fuel.
To further aid Mr. Levingston in performing his job duties, Neff Rental provided him with a cellular telephone (cell phone). Mr. Levingston regularly conducted business on behalf of Neff Rental via cell phone while driving or eating lunch. According to Mr. Levingston, Neff Rental never prohibited him from talking on his cell phone while driving, nor did it have any policies or procedures forbidding such actions.
On January 6, 2005, Mr. Levingston was driving to lunch when he was called by another Neff Rental employee seeking certain pricing information from him. When Mr. Levingston diverted his attention from the road to search for the documentation in order to answer the question, he collided into the rear of an automobile being operated by Dr. Jerome Ellender.
Dr. Ellender filed suit against Mr. Levingston and Neff Rental and their respective insurers seeking damages for the injuries he sustained as a result of the accident. In April 2006, Dr. Ellender filed a motion for partial summary judgment, seeking to establish Mr. Levingston's sole fault in causing the accident and that Mr. Levingston was acting in the course and scope of his employment, thereby rendering Neff Rental vicariously liable. Following a hearing in May 2006, the trial court rendered a judgment, finding Mr. Levingston to be 100 percent at fault for the accident,[1] and further finding that he was acting within the course and scope of his employment with Neff Rental when the accident occurred. At the request of Neff Rental, the trial court designated the judgment as final for purposes of immediate appeal. This appeal by Neff Rental followed.

DISCUSSION
On appeal, Neff Rental asserts that the partial summary judgment was improperly designated as final. On February 7, 2007, Neff Rental filed a motion to supplement the record to buttress its assertion. Therein, Neff Rental stated that the original plaintiff, Dr. Ellender, had committed suicide on November 3, 2006, and that his surviving spouse and children had since filed a supplemental petition claiming that the suicide was the direct result of the injuries Dr. Ellender sustained in the accident and asserting wrongful death, survival, and bystander claims. Neff Rental sought to supplement the record with the pleading and orders substantiating these facts. Considering these newly added claims, Neff Rental argues that liability[2] is still an issue to be tried, and therefore, the partial summary judgment is not final for purposes of immediate appeal.
Initially, we note that the pleading and orders sought to be added were filed after the partial summary judgment was rendered. Moreover, given the allegations *901 made by Neff Rental in its motion to supplement, it is obvious that they have no bearing on the issues that were actually adjudicated by the trial court, i.e., Mr. Levingston's fault in causing the accident and whether Mr. Levingston was in the course and scope of his employment with Neff Rental at the time the accident occurred. Accordingly, we deny the motion to supplement.
Even were we to grant the motion, we would nonetheless find that the judgment was properly designated as final. When a trial court fails to articulate its particular reasons for certifying a judgment as final, a reviewing court may still find the certification justified if its propriety is apparent from the record. See R.J. Messinger, Inc. v. Rosenblum, XXXX-XXXX, pp. 13-14 (La.3/2/05), 894 So.2d 1113, 1122. It is well-settled that the issues of liability and damages are often bifurcated. While the subsequently filed pleading in the instant matter adds new claims, those claims either are derivative (survival action) or address additional types of damages allegedly caused by the accident that remain to be proven at trial (wrongful death and bystander claims). Thus, they are clearly distinct from the root issues of Mr. Levingston's fault in causing the accident and whether Mr. Levingston was in the course and scope of his employment at the time, thereby rendering Neff Rental vicariously liable. Accordingly, we find no merit in Neff Rental's argument that the certification it specifically requested was improper.
Alternatively, Neff Rental argues that the trial court erred in ruling that Mr. Levingston was acting in the course and scope of his employment at the time the accident occurred. We respectfully disagree.
The principle of vicarious liability in this case is derived from LSA-C.C. art. 2320, which provides in part, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Under LSA-C.C. art. 2320, an employer can be held liable for an employee's tortious conduct only if the injuring employee is acting within the course and scope of his employment. Spears v. Jones, 2000-2799, p. 4 (La.App. 1 Cir. 2/15/02), 807 So.2d 1182, 1185, writs denied, XXXX-XXXX and XXXX-XXXX (La.5/3/02), 815 So.2d 106 and 826.
Generally, courts consider four factors when assessing vicarious liability, including whether the tortious act: (1) was primarily employment-rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during working hours; and (4) occurred on the employer's premises. See LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974). It is not necessary that each factor is present in each case, and each case must be decided on its own merits. Baumeister v. Plunkett, 95-2270, p. 4 (La.5/21/96), 673 So.2d 994, 997.
Under the LeBrane test, the determinative question is whether the employee's tortious conduct was so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest. Richard v. Hall, XXXX-XXXX, p. 8 (La.4/23/04), 874 So.2d 131, 139. In a negligence case, as distinguished from an intentional tort case, the court need only determine whether the servant's general activities at the time of the tort were within the scope of employment. Id.
If the purpose of serving the master's business actuates the servant to *902 any appreciable extent, the master is subject to liability if the act is otherwise within the service. The scope of risks attributable to an employer increases with the amount of authority and freedom of action granted to the servant in performing his assigned tasks. Richard, XXXX-XXXX at pp. 6-7, 874 So.2d at 138.
Considering the foregoing precepts and the particular facts in this case, we conclude that Mr. Levingston was acting within the course and scope of his employment at the time the accident occurred. In the instant matter, it is undisputed that: Neff Rental provided Mr. Levingston with a cell phone; Mr. Levingston regularly conducted business for Neff Rental on that cell phone while driving; Mr. Levingston was conducting business on behalf of Neff Rental on the cell phone at the time the accident occurred; and, this activity directly contributed to the accident in question.
The affidavit submitted by Neff Rental in opposing the motion for partial summary judgment failed to contradict Mr. Levingston's deposition testimony establishing the foregoing and, thus, failed to create a genuine issue of material fact. Upon careful examination, it is clear that the affidavit generally attests to Neff Rental's subconscious expectations or intentions, i.e., that it did not expect or intend for its employees to talk on cell phones while driving, but provides no factual information that such expectations or intentions were conveyed to its employees or enforced in any fashion whatsoever. Thus, although Neff Rental may not have expressly authorized conducting business on a cell phone while driving, it certainly did not prohibit it.[3]

CONCLUSION
For the foregoing reasons, the motion to supplement the record is denied and the trial court judgment granting partial summary judgment is hereby affirmed. All costs of this appeal are assessed to Neff Rental, Inc.
MOTION TO SUPPLEMENT DENIED; JUDGMENT AFFIRMED.
McCLENDON, J., concurs and assigns reasons.
McCLENDON, J., concurs, and assigns reasons.
Based on the specific facts of this case, I concur with the result reached by the majority.
NOTES
[1] The portion of the judgment finding Mr. Levingston to be 100 percent at fault in causing the accident was not included in Neff Rental's sole assignment of error.
[2] Although the issue of liability as to the cause of the accident is no longer before the court, we agree that the issue of liability with respect to damages is still a viable issue. See Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism, XXXX-XXXX (La.10/15/02), 828 So.2d 530.
[3] This was so despite Mr. Levingston's testimony that "everybody does it" and that he regularly did so.