# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2010

No. 09-30976
Summary Calendar

Lyle W. Cayce
Clerk

WENDY Y. REYES, Widow of Juan Ramon Cornejo;
CLEMENTINO CORNEJO; JOSE A. RAMOS,

Plaintiffs-Appellants,

v.

HORNBECK OFFSHORE SERVICES, L.L.C.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4488

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

The issue in this appeal is whether the district court erred when it granted summary judgment in favor of Hornbeck Offshore Services, L.L.C. (Hornbeck). The district court found that Scott Sclafani, an employee of Hornbeck, was not acting in the course and scope of his employment when he was involved in an automobile accident while commuting home at the end of his work day on February 25, 2008. We AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

On February 25, 2008, Scott Sclafani, who was employed as a purchasing manager for Hornbeck, was traveling home from his office around 5:30 p.m. Sclafani was driving in the southbound land with his cruise control set at 65 miles per hour, and he changed into the right-hand lane where traffic seemed to be moving faster. He looked down at the console for a moment but when he looked up he discovered that the car that had been traveling in front of him was nearly stationary. Sclafani had no time to react, and he collided with the car in front of him while traveling at 65 miles per hour. The passenger in the rear seat of the vehicle was killed. The passenger's widow and children subsequently filed suit against Sclafani and his liability insurer, State Farm. The plaintiffs have also sued Hornbeck, claiming that Sclafani was acting in the course and scope of his employment at the time of the accident and that Hornbeck is vicariously liable for their damages.

Grants of summary judgment are reviewed *de novo,* with this court applying the same standard as the district court, viewing the evidence in the light most favorable to the non-movant. *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 162 (5th Cir. 2007). Summary judgment is appropriate when a review of the evidence reveals no genuine issue of material fact, and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Reyes argues that the distraction that caused the accident was an employment-related cell phone call, and that this alleged call imposes vicarious liability on Hornbeck. Reyes also argues that the district court erred in shifting the burden of proof to the Appellants and that the effect of circumstantial evidence was disregarded.

Under Louisiana law, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." La. Civ. Code art. 2320. For an employer to be held vicariously liable for the tortious actions of its employee, the employee must have been acting within the course and scope of his employment. *Ellender v. Neff Rental, Inc.*, 965 So. 2d 898, 901 (La. Ct. App. 2007). "[T]he determinative question [when assessing vicarious liability] is whether the employee's tortious conduct was so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest." *Id.* (citing *Richard v. Hall*, 874 So. 2d 131, 139 (La. 2004)).

Reyes relies heavily on the decision in *Ellender* where the court granted summary judgment in favor of the plaintiff on the course and scope of employment issue. We conclude, however, as did the district court, that the facts in the present case are sufficiently distinguishable from *Ellender*. Sclafani was commuting home at the end of the work day in his personal vehicle and was not traveling for business. He was not given any compensation for his travel to and from work, and, at the time of the accident, he did not have a company cell phone for conducting business while driving.

Louisiana courts have consistently held that traveling to and from work is not an employment function for which the employer should be held liable. *Hargrave v. Delaughter*, 10 So. 3d 245, 250 (La. Ct. App. 2009). Based on the facts in the present case, Sclafani's act of driving home after work was not "so closely connected in time, place, and causation to his employment duties" that he was acting within the course and scope of his employment at the time of the accident. *Ellender*, 965 So. 2d at 901. Reyes' mere speculation that the cause of the distraction was a cell phone call and, further, that the cell phone call was business related, is insufficient to support a showing of a genuine issue of

material fact at trial. *See TIG Ins. Co.*, 276 F.3d at 759. Accordingly, the district court properly held that no genuine issue of material fact exists in this case and that Hornbeck is entitled to judgment as a matter of law.

AFFIRMED.