STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CW 0338

THADDEUS JEFFREY JOHNSON, SR., INDIVIDUALLY, CANDACE
HOWARD, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD
THADDEUS JEFFREY JOHNSON, JR. (DECEASED)

VERSUS

C'S TRANSPORATION SERVICES, LLC, AMERICAN SERVICE
INSURANCE COMPANY, INC., CHARLES SANDERS AND
DELACY DIANE HOWARD

**Judgment Rendered: AUG 0 4 2021**

* * * * * *

On appeal from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket Number 118,283

Honorable Thomas Kliebert, Jr., Judge Presiding

* * * * * *

Maurice Hall
Plaquemine, LA
Marcus J. Plaisance
Mark D. Plaisance
Prairieville, LA

Counsel for Plaintiffs/Appellees
Thaddeus Jeffrey Johnson Sr.,
Candace Howard and Thaddeus
Jeffrey Johnson, Jr.

Michael S. Futrell
Metairie, LA

Counsel for Defendant/Appellant
C's Transportation Services, LLC

Kevin F. Truxillo
Darrin L. Forte
Annissa M. Alario
New Orleans, LA

Counsel for Defendant/Appellant
American Services Insurance
Company

David J. McDonald
Metairie, LA

Counsel for Defendant/Appellant
Delacy Diane Howard

\* \* \* \* \* \*

BEFORE:  GUIDRY, McCLENDON, AND LANIER, JJ.

**GUIDRY, J.**

The defendant appeals from a judgment denying its motion for summary judgment on the issue of course and scope of employment. For the reasons that follow, we convert the appeal to a supervisory writ, grant the writ, and reverse the judgment. We deny the plaintiffs' motion for *en banc* consideration of the appeal and motion to dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident, which occurred on October 7, 2016. On that day, Thaddeus Jeffrey Johnson, Jr. (Thaddeus, Jr.) was a passenger in a vehicle owned by C's Transportation Services, LLC and being driven by Delacy Diane Howard (Ms. Delacy), an employee of C's Transportation. As Ms. Delacy was driving the vehicle on Louisiana Highway 405, the vehicle left the roadway and rolled over. Thaddeus, Jr. sustained severe injuries as a result of the accident and died.

On March 7, 2017, plaintiffs, Thaddeus Jeffrey Johnson, Sr. and Candice Howard, parents of the deceased, brought suit individually and on behalf of their son. Made defendants in the lawsuit were C's Transportation and Ms. Delacy. Charles Sanders, owner of C's Transportation, and American Service Insurance Company, insurer of C's Transportation and Charles Sanders, were also named as defendants. The plaintiffs alleged that Ms. Delacy was in the course and scope of her employment with C's Transportation when the accident occurred, thus making C's Transportation vicariously liable for the damages caused by Ms. Delacy's actions.

Each of the defendants filed an answer to the plaintiffs' petition, generally denying liability. Thereafter, on April 12, 2019, defendants C's Transportation and Charles Sanders filed a motion for summary judgment, asserting that there was no genuine issue of material fact as to whether Ms. Delacy was in the course and

3

scope of her employment when the collision occurred. C's Transportation and Charles Sanders further argued that there was no basis to hold Charles Sanders liable. On June 24, 2019, a hearing was held, at which time, the trial court granted the motion for summary judgment as to Charles Sanders and denied the motion as to C's Transportation. A judgment to that effect was signed on July 17, 2019. C's Transportation now appeals that judgment.[1]

## APPELLATE JURISDICTION

After the lodging of this appeal, the plaintiffs herein filed a motion to dismiss the appeal. The plaintiffs also filed a motion for *en banc* consideration.[2] The plaintiffs contend that the July 17, 2019 judgment is not final and appealable. The plaintiffs request an *en banc* panel should this court be inclined to reverse the line of cases involving the appealability of the denial of a summary judgment.

Louisiana Code of Civil Procedure article 968 provides in part as follows: "An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." This is because the denial of a motion for summary judgment is an interlocutory judgment. Campbell v. Markel American Insurance Company, 00-1448, pp. 3-4 (La. App. 1st Cir 9/21/01), 822 So. 2d 617, 619-620, writ denied, 01-2813 (La. 1/4/02), 805 So. 2d 204. The proper procedural vehicle to contest an interlocutory judgment is by application for supervisory writ filed within thirty days of the interlocutory judgment. See La. C.C.P. art. 2201; Matter of Succession of Porche, 16-0538, p. 8 (La. App. 1st Cir. 2/17/17), 213 So. 3d 401, 406 n.2. We, however, have the authority to exercise our supervisory jurisdiction and treat the appeal of an interlocutory judgment as an application for supervisory writs. We are inclined to do so here, first, to address

---

[1] This appeal addresses only the portion of the judgment that denied summary judgment as to C's Transportation.

[2] The plaintiffs' motions were referred to this panel to which the appeal is assigned.

the unusual procedural posture of this case,[3] and second, because a reversal of the trial court's decision will terminate this litigation. See Simon v. Ferguson, 18-0826, pp. 4-5 (La. App. 1st Cir. 2/28/19), 274 So. 3d 10, 14; see also Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So. 2d 878 (La. 1981) (*per curiam*). We therefore deny the plaintiffs' motions for *en banc* consideration and to dismiss the appeal.

## DISCUSSION

In its sole assignment of error, C's Transportation asserts that the trial court abused its discretion in denying its motion for summary judgment on the issue of course and scope of employment when the deposition testimonies of Ms. Delacy and Mr. Sanders must be deemed credible and Ms. Delacy "did not have permissive use of the vehicle." The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support

___

[3] On November 25, 2019, another panel of this court found that the subject July 17, 2019 judgment of the trial court was final and appealable, and thus, granted C's Transportation's writ application for the limited purpose of remanding this matter to the trial court with instructions to grant an appeal to C's Transportation. See Johnson v. C's Transportation Services, LLC, 19-1127 (La. App. 1st Cir. 11/25/19), 2019WL6317956. With respect to the timeliness of the original writ in this matter, that information is readily obtainable in the record before us.

5

sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. Hines v. Garrett, 04-0806, p. 1 (La. 6/25/04), 876 So. 2d 764, 765-766 (*per curiam*).

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Succession of Hickman v. State through Board of Supervisors of Louisiana State University Agricultural and Mechanical College, 16-1069, p. 5 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1240, 1244. The law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. Pumphrey v. Harris, 12-0405, p. 7 (La. App. 1st Cir. 11/2/12), 111 So. 3d 86, 91.

Further, whether an employer is liable for the actions of an employee is governed by La. C.C. art 2320, which states such liability exists for an employee's tortious conduct when the employee is "in the exercise of the functions in which they are employed." Under Article 2320, an employer can be held liable for an employee's tortious conduct only if the injuring employee is acting within the course and scope of his employment. Ellender v. Neff Rental, Inc., 06-2005, p. 5 (La. App. 1st Cir. 6/15/07), 965 So. 2d 898, 901.

There is a presumption that an employee who is involved in an accident while operating his employer's vehicle is within the course and scope of his employment. Convincing evidence is required to overcome this presumption. Williams v. Morgan, 356 So. 2d 1029, 1030 (La. App. 1st Cir. 1977). The mere

6

fact that an employee is "on call" does not automatically give rise to liability on the part of the employer. An employee's on call status simply gives rise to a question of whether the employee was acting within the scope of his employment at the time of the accident. Migliore v. Gill, 11-407, p. 5 (La. App. 5th Cir. 12/13/11), 81 So. 3d 900, 903.

The supreme court has considered several factors in determining whether an employee's conduct is employment-rooted: (1) payment of wages by the employer; (2) employer's power of control over the employee; (3) employee's duty to perform the particular act; (4) time, place, and purpose of the act in relation to service of the employer; (5) relationship between the employee's act and the employer's business; (6) benefits received by the employer from the act; (7) motivation of the employee for performing the act; and (8) the reasonable expectation of the employer that the employee would perform the act. Orgeron on Behalf of Orgeron v. McDonald, 93-1353, pp. 4-5 (La. 7/5/94), 639 So. 2d 224, 227.

Here, on the critical question of whether Ms. Delacy's activity at the time of the accident was within the course and scope of her employment, C's Transportation, in its motion for summary judgment, relied on the depositions of Ms. Delacy and Mr. Sanders, the owner of C's Transportation. Ms. Delacy's testimony established the following facts, which are undisputed. On the day of the accident, Ms. Delacy was scheduled to report to work at 4:00 p.m. to pick up a discharge patient between 5:00 p.m. and 6:00 p.m. At approximately 10:00 a.m., Ms. Delacy went to work to pick up a company vehicle. Ms. Delacy parked that vehicle at her home, went to a parade with her family, and at approximately 4:45 p.m. used the vehicle to drive her nephew, Thaddeus Jr., to his home. The accident occurred as Ms. Delacy was driving Thaddeus Jr. to his home.

7

Additionally, Ms. Delacy testified that she was unsure if she had been contacted for work that day by Mr. Sanders as her mobile phone had died. Ms. Delacy also stated that the procedure for a "discharge" was to arrive to work and wait until the patient was ready to be picked up.[4]

Mr. Sanders stated in his deposition that the procedure for using a company vehicle is to come into the office, get the schedule, drive the patients, gas up, and come back to the office. When asked what is expected of an "on call" employee, Mr. Sanders replied: "I call you and let you know I got a discharge that might happen in between four and five o'clock, so you got to be around the phone around that time. If you don't receive a call from me after the time, after five o'clock, then it's – the discharge is not going to happen." Mr. Sanders also stated that the company has a written policy against personal use of company vehicles.

In opposition to the summary judgment, the plaintiffs argued that "but for" Ms. Delacy's on call status, she would not have been operating the company vehicle that day. They also argued that there is no evidence that C's Transportation has a policy against personal use of company vehicles.

Based on the facts in this case and after our *de novo* review, we cannot say Ms. Delacy was acting in the course and scope of her employment when the accident occurred. Pertinently, at the time of the accident, which occurred sometime after Ms. Delacy left the parade around 4:45 p.m.,[5] Ms. Delacy was not on her way from the office or to the office, or engaged in furthering her employer's business. Instead, Ms. Delacy, after leaving a parade and her home, was driving her nephew, Thaddeus Jr., to his home. It is clear from the record that Ms. Delacy was not being paid wages by her employer when the accident occurred. While the plaintiffs contend that Ms. Delacy was an on call employee subject to the control

---

[4] Ms. Howard stated that Mr. Sanders was not aware that she had picked up the vehicle that day; company vehicles were not for personal use.

[5] Louisiana State Police were called at 5:33 p.m.

of her employer, Ms. Delacy was on a purely personal mission, traveling with her nephew and children. Notably, even if Ms. Delacy had returned Thaddeus, Jr. to his home, Ms. Delacy had planned to return to her home to drop off her children before driving to the office. And although there was the possibility that Ms. Delacy could have been contacted regarding work, at the time of the accident, her employer was unaware of her whereabouts. Furthermore, because Ms. Delacy's phone had died, her employer had no means of communicating with her and could not have reached her had he needed to do so.

In Migliore, a doctor who was on call on the day of a traffic accident that allegedly injured a motorcyclist was found *not* to be within the course and scope of his employment at the time of the accident, even though he wore a beeper and was expected to report to his place of employment within 30 minutes if called to work. At the time of the accident, the doctor was in his vehicle taking his son to his ex-wife's house, a personal activity that did not benefit his employer, and he was never called to report to work during his on call shift that day. Migliore, 11-407 at p. 6, 81 So. 3d at 904. In the present case, while we recognize the presumption that an employee who is involved in an accident while operating the employer's vehicle is within the course and scope of employment, the evidence is clear and convincing, and there is no genuine issue of material fact that Ms. Delacy was not in the course and scope of employment.

An employee's tortious conduct must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest. Ellender, 06-2005 at p. 5, 965 So. 2d at 901. However, we conclude that no genuine issue of material fact exists as to whether Ms. Delacy's personal activities, which occurred while she was supposed to be on call, were of the kind she was

9

employed to perform or attributable to her employer's business. Accordingly, we find that C's Transportation cannot be vicariously liable as a matter of law under the provisions of La. C.C. art. 2320. The trial court erred in denying the motion for summary judgment.

## CONCLUSION

For the above and foregoing reasons, we convert the appeal to an application for supervisory writ, which we grant. We reverse the trial court's judgment and, accordingly, render judgment herein in favor of C's Transportation Services, LLC, granting its motion for summary judgment and dismissing with prejudice the plaintiffs' suit against it. We deny the plaintiffs' motions for *en banc* consideration and to dismiss the appeal. All costs of the appeal are assessed to the plaintiffs/appellees, Thaddeus Jeffrey Johnson Sr. and Candace Howard.

**MOTION FOR *EN BANC* CONSIDERATION DENIED; MOTION TO DISMISS APPEAL DENIED; APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; JUDGMENT REVERSED.**