STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1462

MURPHY J. PAINTER, SR.

VERSUS

DUSTIN CLOUATRE, HUGHES INSURANCE SERVICES, LLC, PELICAN
POST NEWS, LLC, WADE PETITE, RICKY BABIN, ABC INSURANCE
COMPANY, CLINT COINTMENT

Judgment Rendered: **JUN 1 6 2022**

* * * * * *

On appeal from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket Number 129,894

Honorable A. Bruce Simpson,[1] Judge Presiding

* * * * * *

| | |
|---|---|
| Kim Segura Landry<br>Gonzales, LA | Counsel for Plaintiff/Appellant<br>Murphy J. Painter, Sr. |
| Brandon K. Black<br>C. Parker Kilgore<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Hughes Insurance Services, LLC |

* * * * * *

BEFORE: GUIDRY, CHUTZ, AND PENZATO, JJ.

---

[1] Judge Simpson was appointed as *ad hoc* judge to preside over the case.

(Chutz, J.) Concurs.

**GUIDRY, J.**

The plaintiff appeals from a trial court judgment sustaining the defendant's peremptory exception raising the objection of no cause of action, and dismissing his claims against the defendant with prejudice. For the reasons that follow, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

On or about October 19, 2020, plaintiff, Murphy Painter, Sr., filed a petition for damages, naming as defendants Dustin Clouatre, Wade Petite, Clint Cointment, and Hughes Insurance Services, LLC (Hughes Insurance), among others.[2] Painter alleged causes of action including defamation and vicarious liability. Specifically, Painter alleged that as a part of a conspiracy to defame him, "Petite and Clouatre conspired to hide the true substance of [Painter's] statements in order to knowingly make false claims that [Painter] was somehow involved in a cover-up of the rapes of 5 twelve year old girls ... ." Painter further alleged that Hughes Insurance, the employer of Clouatre, was liable "in solido" with Clouatre and Petite.

In response, on December 1, 2020, Hughes Insurance filed an exception of no cause of action.[3] Therein, Hughes Insurance argued that Painter had "failed to state a cause of action arising out of the ... recording ... against Hughes Insurance based on vicarious liability." The exception came before the trial court on June 3, 2021. After taking the matter under advisement, the trial court sustained the exception of no cause of action. A judgment to that effect was signed on July 5, 2021. Painter now appeals.

---

[2] Plaintiff Painter filed an amended petition on November 11, 2020.

[3] Hughes Insurance also filed an exception of prescription, which was denied by the trial court and is not before us in this appeal.

DISCUSSION

## No Cause of Action

The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged in the pleading. Palowsky v. Cork, 19-0148, p. 5 (La. App. 1st Cir. 5/20/20), 304 So. 3d 867, 872. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Carr v. Sanderson Farm, Inc., 15-0953, p. 4 (La. App. 1st Cir. 2/17/16), 189 So. 3d 450, 454.

In ruling on a peremptory exception raising the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the pleading were proven at trial. Frigon v. Universal Pictures, Inc., 17-0993, p. 6 (La. App. 1st Cir. 6/21/18), 255 So. 3d 591, 596, writ denied, 18-1868 (La. 1/18/19), 262 So. 3d 896. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim. Any doubts are resolved in favor of the sufficiency of the petition. Palowsky, 19-0148 at p. 5, 304 So. 3d at 872.

Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of plaintiff unsupported by facts do not set forth a cause of action. Ramey v. DeCaire, 03-1299, p. 7 (La. 3/19/04), 869 So. 2d 114, 118. The burden of demonstrating that the petition states no cause of action is on the mover. Ramey, 03-1229 at p. 7, 869 So. 2d at 119. In reviewing the trial court's ruling sustaining an exception raising the objection of no cause of action, appellate courts conduct a *de novo* review, because the exception raises a question of law, and the

3

trial court's decision is based solely on the sufficiency of the petition. Frigon, 17-0993 at p. 7, 255 So. 3d at 597.

Further, an employer is liable for the torts committed by his employee if, at the time, the employee was acting within the course and scope of his employment. Baumeister v. Plunkett, 95-2270, p. 3 (La. 5/21/96), 673 So. 2d 994, 996. The two terms are not synonymous. The course of employment test refers to the time and place. The scope of employment test examines the employment-related risk of injury. Benoit v. Capitol Manufacturing Company, 617 So. 2d 477, 479 (La. 1993).

In order for an employer to be vicariously liable for the tortious acts of its employees, the employee's tortious conduct must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest. Richard v. Hall, 03-1488, p. 6 (La. 4/23/04), 874 So. 2d 131, 138; Ellender v. Neff Rental, Inc., 06-2005, p. 5 (La. App. 1st Cir. 6/15/07), 965 So. 2d 898, 901. In an analysis of vicarious liability for an employee's tortious acts, the court must consider more than simply whether the employee was in the course and scope of employment at the time of the incident. An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective. Baumeister, 95-2270 at pp. 3-4, 673 So. 2d at 996.

In determining whether vicarious liability applies, courts consider the following factors: (1) whether the tortious act was primarily employment rooted, (2) whether the act was reasonably incidental to the performance of the employee's duties, (3) whether the act occurred on the employer's premises, and (4) whether

4

the act occurred during the hours of employment. Baumeister, 95-2270 at p. 4, 673 So. 2d at 996-997; see also LeBrane v. Lewis, 292 So. 2d 216, 218 (La. 1974). However, this does not mean that all four factors must be met before liability may be found. The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. Varnado v. Department of Employment and Training, 95-0787 (La. App. 1st Cir. 6/28/96), 687 So. 2d 1013, 1041, writ denied, 97-0312 (La. 3/27/97), 692 So. 2d 394.

In the instant matter, plaintiff Painter's petition asserts that Hughes Insurance is vicariously liable to Painter for the actions of its employee, Clouatre. Painter's petition states, in relevant part: Clouatre wanted to discuss with Painter the opportunity for Hughes Insurance to obtain some insurance contracts with Ascension Parish Government; Clouatre was an employee of Hughes Insurance; Clouatre sells business and commercial insurance for Hughes Insurance; Clouatre scheduled a meeting with Painter on the premises of Hughes Insurance during business hours; during the meeting between Clouatre and Painter, "Clouatre read from notes and questions he had written to elicit conversation on specific topics;" Clouatre provided a recording of the meeting to Petite; and Petite, Clouatre, and Cointment manipulated the recording. Painter also asserts, through his petition, that "Clouatre, while in the course and scope of his employment with [Hughes Insurance], actively recorded the conversation ... for the sole purpose of providing the recording ... to injure [Painter] for the benefit of Cointment's campaign to be elected Parish President, and to insure [Hughes Insurance] received lucrative insurance contracts ... ."

Having reviewed the factual allegations contained in the petition, we conclude that the plaintiff herein has failed to plead facts sufficient to set forth a cause of action for vicarious liability against Hughes Insurance. The facts set forth

5

in Painter's petition, which are accepted as true for purposes of our consideration of the exception raising the objection of no cause of action, allege that the conduct complained of occurred on the employer's premises, and during the employee's working hours. However, no facts are alleged to sufficiently show that Clouatre's conduct of reading from "notes and questions he had written to elicit conversation" and recording that conversation for manipulation, was reasonably incidental to or related to the performance of his employment duties as an insurance sales agent with Hughes Insurance; the petition fails to allege facts sufficient to show that Clouatre was acting within the realm of his assigned employment duties at the time the conduct occurred.

Simply put, there are no facts alleged in the petition that would support a finding that Clouatre's conduct was caused by his employment duties and primarily employment rooted, as compared with conduct motivated by purely personal considerations. We, thus, find no error in the trial court's judgment sustaining the exception raising the objection of no cause of action.

## Opportunity to Amend Petition

Louisiana Code of Civil Procedure article 934 provides that if the grounds of the objection raised through a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934.

The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. Palowsky, 19-0148 at pp. 10-11, 304 So. 3d at 875. However, because we are not prepared to find, as a matter of law, that the basis for the objection cannot be removed by an amendment relative to the vicarious liability claim, we will remand this matter. In

6

accordance with La. C.C.P. art. 934, the plaintiff may amend his petition to remove the grounds of the objection, if he can.

## CONCLUSION

For the foregoing reasons, we affirm the portion of the trial court's July 5, 2021 judgment sustaining the exception raising the objection of no cause of action filed by Hughes Insurance Services, LLC. However, we reverse that portion of the trial court's judgment dismissing with prejudice plaintiff's claims against Hughes Insurance Services, LLC and remand this matter to the trial court to allow plaintiff an opportunity to amend his petition within a delay deemed reasonable by the trial court. All costs of this appeal are assessed to the plaintiff/appellant, Murphy Painter, Sr.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**